**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | | |
|---|---|---|
| **BEVERLY DARRAH,** | ) | CV-08-67-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER ADOPTING FINDINGS** |
| | ) | **AND RECOMMENDATIONS OF** |
| **MONTANA RETAIL STORE** | ) | **U.S. MAGISTRATE JUDGE** |
| **EMPLOYEES HEALTH AND** | ) | |
| **WELFARE PLAN, ZENITH** | ) | |
| **ADMINISTRATORS, and** | ) | |
| **INTERNATIONAL REHAB.** | ) | |
| **ASSOC., INC. d/b/a INTRACORP** | ) | |
| **or CARE ALLIES,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

Plaintiff Beverly Darrah filed the instant action pursuant to the Employee Retirement Income Security Act ("ERISA") to receive medical benefits for back problems and to recover any penalties, fees, and costs allowed by ERISA. On March 31, 2009, United States Magistrate Judge Carolyn S. Ostby entered her

1

Findings and Recommendation (*Doc. 48*) with respect to various motions, recommending they be granted or denied as follows:

    (1)    Defendant Care Allies'[1] Motion for Summary Judgment (*Doc. 28*) should be GRANTED;

    (2)    Plaintiff Darrah's Cross-Motion for Summary Judgment (*Doc. 32*) should be DENIED to the extent that it relates to her claim for benefits and request for attorney's fees, but GRANTED to the extent that Defendant Zenith be assessed a fine of $10,710.00 for its failure to produce Plan documents requested by Darrah; and

    (3)    Defendant Care Allies' Motion for Summary Judgment on Darrah's Claims under 29 U.S.C. §§ 1024 & 1132(c) (*Doc. 40*) should be GRANTED.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff filed objections on April 8, 2009 (*Doc. 51*), to which Care Allies responded on April 21, 2009 (*Doc. 53*). Defendant Montana Retail Store Employees Health and Welfare Plan ("the Plan") and Defendant Zenith Administrators ("the Plan Administrator") filed an limited objections on April 14, 2009 (*Doc. 52*), to which Plaintiffs responded on April 28, 2009 (*Doc. 55*). These objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

---

[1] This Court will follow Magistrate Judge Ostby's lead in referring to Defendant International Rehabilitation Associates as Care Allies. *See Doc. 48, n.2.*

2

The Plan and the Plan Administrator object to Magistrate Judge Ostby's conclusion that a fine should be imposed on the Plan Administrator. Specifically, they claim the request made by Darrah's attorney for plan documents was insufficient, seemingly because it was not addressed to the Plan Administrator. Regardless, Magistrate Judge Ostby has already rejected this argument. Although the request was not specifically addressed to Zenith, its files indicate it received the request, but did not act on it. This objection is overruled.

Darrah offers several general objections to Magistrate Judge Ostby's Findings and Recommendations, but with one exception, Darrah does not explain why her objections should be sustained. The fact is, Magistrate Judge Ostby carefully considered the law and the facts and concluded that the Plan Administrator did not abuse its discretion in denying authorization for lumbar fusion surgery. This Court agrees.

The one objection Darrah supports with at least some argument is that Magistrate Judge Ostby incorrectly stated that "Darrah did not further appeal to present evidence to contradict the finding" that Darrah had degenerative disc disease at four levels of her lumbar spine. Regardless, that Darrah's counsel wrote a letter intended to function as a notice of appeal does not change the outcome here.

The issue is whether the denial of authorization was arbitrary and capricious. This Court agrees with Magistrate Judge Ostby that it was not.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Defendant Care Allies' Motion for Summary Judgment (*Doc. 28*) is GRANTED;

(2) Darrah's Cross-Motion for Summary Judgment (*Doc. 32*) is DENIED to the extent that it relates to her claim for benefits, but GRANTED to the extent that Defendant Zenith be assessed a fine of $10,710.00 for its failure to produce Plan documents requested by Darrah;

(3) Defendant Care Allies' Motion for Summary Judgment on Darrah's Claims under 29 U.S.C. §§ 1024 & 1132(c) (*Doc. 40*) is GRANTED; and

(4) Darrah's request for attorney's fees is DENIED.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 14th day of May 2009.

                                                _/s/ Richard F. Cebull_____
                                                RICHARD F. CEBULL
                                                UNITED STATES DISTRICT JUDGE